**Charles H. POPE, Jr., and Elizabeth J. Pope, husband and wife, Plaintiffs-Appellants,**

v.

**Harry F. GORDANIER et al., Defendants-Respondents.**

**No. KCD 26749.**

Missouri Court of Appeals, Kansas City District.

July 7, 1975.

John J. Phillips, Phillips, Rice & McElligott, Independence, for plaintiffs-appellants.

James S. Cottingham, Independence, for defendants-respondents.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

PER CURIAM.

In this suit for declaratory judgment the plaintiffs seek an adjudication of right to use and enjoy certain recreational facilities of Tomasha Village, a subdivision, without the necessity of membership in the association of the homeowners of the village. The plaintiffs appeal from the adverse judgment of the trial court.

The individual defendants, Gordanier, Sutherland and Shaw, developed Tomasha Village and set apart Tract D for a swimming pool and other recreational purposes.

They conveyed a lot in the subdivision to the plaintiffs, husband and wife, who thereafter engaged a private builder, Scott, to construct a home on the lot at a cost of $32,000. The plaintiffs used the pool on Tract D without restriction for about three years.

Shortly after the plaintiffs gained occupancy, a Baptist Church expressed interest in the purchase of part of Tract D for a sanctuary. That tract was not available for use either for a church edifice or for a swimming pool because the deeds of conveyance to the subdivision lot owners, including the plaintiffs, contained a restrictive covenant limiting the use of Tract D to residential purposes. The defendant Gordanier sought from plaintiffs the release of the restrictive covenant so that the church structure and pool could be lawfully accommodated. The alternative was to "bulldoze the pool in". The plaintiffs gave their release.

Thereafter, the defendants conveyed the pool site on Tract D to the Tomasha Homes Association which adopted a declaration limiting the use of the pool to fee paying members. The plaintiffs refused to submit their land to the terms of the declaration and have since been denied use of the swimming pool.

On this appeal the plaintiffs contend the judgment of the trial court was in error because their evidence shows inducement to purchase the subdivision lot by advertising and other blandishments that the pool facilities would be available for their use, and that the inducement to release the restriction on the use of Tract D was "a combined threat and promise which amounted to an agreement that if he would sign the release, [plaintiffs'] continued use of the pool would be insured."

■ This contention of error, however, is concluded by findings of fact 12 and 16 of the trial court [based upon substantial evidence] that the developers did not induce the purchase of the lot or the waiver of restrictions by promises or representations to plaintiffs of their unfettered use of the pool in perpetuity.

■ The plaintiffs also contend error in the conclusion of law adopted by the trial court that the defendant Homeowners Association violated no legal duty to the plaintiffs by denying them the use of the pool in conformity with their declaration of restrictions and other governing articles. The plaintiffs contend, all without definition in argument, factual reference or citation of authority, other than the maxim: Equity will not suffer a wrong without a remedy— that if a legal duty was not breached, then equity was owed. This abstract statement of principle fails to comply with Rule 84.-04(d), V.A.M.R. and does not engage our review.

No error of law appears and a full opinion would have no precedential value. We affirm the judgment under Rule 84.16(b).